MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

JOSE RAMON DE LA CRUZ, MANUEL
CRUZ QUEZADA, JOSE ANGEL
RODRIGUEZ MATA, and MARIO ZAPATA
*individually and on behalf of others similarly*
*situated,*

                              *Plaintiffs*,

                  -against-

YTS TRADING LLC (d/b/a JACK'S EGG
FARM & SUGAR), JACK EGG FARM INC.
(d/b/a JACK'S EGG FARM), JACK EGG
LLC (d/b/a JACK'S EGG FARM), JACK'S
EGGS AND OTHER INGREDIENTS LLC
(d/b/a JACK'S EGG FARM & SUGAR),
JACK NEUSTADT, and MORDECHAI
NEUSTADT,

                            *Defendants.*

--------------------------------------------------------X

17-cv-02395-LDH-CLP

**FIRST AMENDED COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Jose Ramon De La Cruz, Manuel Cruz Quezada, Jose Angel Rodriguez Mata,

and Mario Zapata, individually and on behalf of others similarly situated (collectively,

"Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their

knowledge and belief, and as against YTS Trading LLC (d/b/a Jack's Egg Farm & Sugar), Jack

Egg Farm Inc. (d/b/a Jack's Egg Farm), Jack Egg LLC (d/b/a Jack's Egg Farm), Jack's Eggs and

Other Ingredients LLC (d/b/a Jack's Egg Farm & Sugar) ("Defendant Corporations"), Jack

Neustadt, and Mordechai Neustadt allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are present and former employees of defendants YTS Trading LLC

(d/b/a Jack's Egg Farm & Sugar), Jack Egg Farm Inc. (d/b/a Jack's Egg Farm), Jack Egg LLC

(d/b/a Jack's Egg Farm), Jack's Eggs and Other Ingredients LLC (d/b/a Jack's Egg Farm &

Sugar), Jack Neustadt, and Mordechai Neustadt (collectively, "Defendants").

2.       Defendants own, operate, or control an egg and sugar distribution center located

at 130 44th Street, Brooklyn, New York 11232 under the name Jack's Egg Farm & Sugar.

3.      Upon information and belief, individual defendants Jack Neustadt and Mordechai

Neustadt serve or served as owners, managers, principals, or agents of Defendant Corporations

and, through these corporate entities, operate or operated the egg and sugar distribution center as

a joint or unified enterprise.

4.      Plaintiffs have been employed as truck drivers and truck driver assistants.

5.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in

excess of 40 hours per week, without appropriate minimum wage or overtime compensation for

the hours that they have worked.

6.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours

worked, and have failed to pay Plaintiffs appropriately for any hours worked, either at the

straight rate of pay or for any additional overtime premium.

7.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours"

pay for any day in which they have worked over 10 hours per day.

- 2 -

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims have occurred in this

district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an egg and sugar distribution center located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

14.   Plaintiff Jose Ramon De La Cruz ("Plaintiff Ramon" or "Mr. Ramon") is an adult individual residing in Kings County, New York.

15.   Plaintiff Ramon has been employed by Defendants from approximately February 2012 until on or about June 2015 and from approximately February 2016 until the present date.

16.   Plaintiff Manuel Cruz Quezada ("Plaintiff Cruz" or "Mr. Cruz") is an adult individual residing in New York County, New York.

17.   Plaintiff Cruz has been employed by Defendants from approximately February 2, 2012 until on or about June 2013 and from approximately September 2013 until the present date.

18.   Plaintiff Jose Angel Rodriguez Mata ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in New York County, New York.

19.   Plaintiff Rodriguez was employed by Defendants from approximately March 4, 2015 until on or about June 20, 2017.

20.   Plaintiff Mario Zapata ("Plaintiff Zapata" or "Mr. Zapata") is an adult individual residing in New York County, New York.

21.   Plaintiff Zapata was employed by Defendants from approximately July 1, 2012 until on or about August 15, 2016.

*Defendants*

22.     At all relevant times, Defendants own, operate, or control an egg and sugar distribution center located at 130 44th Street, Brooklyn, New York 11232 under the name "Jack's Egg Farm & Sugar".

23.     Upon information and belief, YTS Trading LLC, (d/b/a Jack's Egg Farm & Sugar), is a domestic corporation organized and existing under the laws of the state of New York and maintains its principal place of business at 130 44th Street, Brooklyn, New York 11232.

24.     Upon information and belief, Jack Egg Farm Inc. (d/b/a Jack's Egg Farm & Sugar), is a domestic corporation organized and existing under the laws of the state of New York and maintains its principal place of business at 130 44th Street, Brooklyn, New York 11232.

25.     Upon information and belief, Jack Egg LLC (d/b/a Jack's Egg Farm & Sugar), is a domestic corporation organized and existing under the laws of the state of New York and maintains its principal place of business at 130 44th Street, Brooklyn, New York 11232.

26.     Upon information and belief, Jack's Eggs and Other Ingredients LLC (d/b/a Jack's Egg Farm & Sugar), is a domestic corporation organized and existing under the laws of the state of New York and maintains its principal place of business at 130 44th Street, Brooklyn, New York 11232.

*Defendant Jack Neustadt*

27.     Defendant Jack Neustadt is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

28.     Defendant Jack Neustadt is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

29.     Upon information and belief, Defendant Jack Neustadt possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in

- 5 -

Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

30.     Defendant Jack Neustadt has determined the wages and compensation of the employees of Defendants, including Plaintiffs, has established the schedules of the employees, has maintained employee records, and has had the authority to hire and fire employees.

*Defendant Mordechai Neustadt*

31.     Defendant Mordechai Neustadt is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

32.     Defendant Mordechai Neustadt is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

33.     Upon information and belief, Defendant Mordechai Neustadt possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

34.     Defendant Mordechai Neustadt has determined the wages and compensation of the employees of Defendants, including Plaintiffs, has established the schedules of the employees, has maintained employee records, and has had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

35.     Defendants operate an egg and sugar distribution center located in the Sunset Park section of Brooklyn.

36.     The individual defendants, Jack Neustadt and Mordechai Neustadt possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

37.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38.     Each Defendant has possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

39.     Defendants have jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

40.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

41.     Upon information and belief, individual defendants Jack Neustadt and Mordechai Neustadt, operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

- 7 -

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a Corporations,

b.  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f.  intermingling assets and debts of their own with Defendant Corporations,

g.  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

42.   At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

43.   In each year from 2012 to the present, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44.   In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in

the egg and sugar distribution center on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

45.     Plaintiffs are present and former employees of defendants who have been employed as truck drivers and truck driver's assistants.

46.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Ramon De La Cruz*

47.     Plaintiff Ramon has been employed by Defendants from approximately February 2012 until on or about June 2015 and from approximately February 2016 until the present date.

48.     Defendants have employed Plaintiff Ramon as a truck driver.

49.     Plaintiff Ramon has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

50.     Plaintiff Ramon's work duties have required neither discretion nor independent judgment.

51.     Throughout his employment with Defendants, Plaintiff Ramon has regularly worked in excess of 40 hours per week.

52.     From approximately February 2012 until on or about May 2017, Plaintiff Ramon worked from approximately 5:00 a.m. until on or about 7:00 p.m. to 8:00 p.m. five days a week (typically 70 to 75 hours per week).

53.     From approximately May 2017 until the present date, Plaintiff Ramon has worked approximately 42 to 60 hours per week (usually three or four days per week).

54.     Throughout his employment with defendants, Plaintiff Ramon has been paid his wages in a combination of checks and cash.

55.     From approximately February 2012 until on or about June 2015, Plaintiff Ramon was paid a fixed salary of $700.00 per week, specifically $300 by check and $400 in cash.

56.     From approximately February 2016 until on or about May 2017, Plaintiff Ramon was paid a fixed salary of $900.00 per week, specifically $400 by check and $500 in cash.

57.     From approximately May 2017 until the present date, Plaintiff Ramon has been paid a fixed salary of $100.00 per day, specifically $400 by check and the rest in cash.

58.     Plaintiff Ramon's pay has not varied even when he has been required to stay late or work a longer day than his usual schedule.

59.     In fact, defendants have regularly required Plaintiff Ramon to work 1 to 2 hours past his scheduled departure time and have not compensated him for the additional time he has worked.

60.     Defendants have never granted Plaintiff Ramon any breaks or meal period of any kind.

61.     Plaintiff Ramon has not been required to keep track of his time, nor to his knowledge have defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

62.     Furthermore, Defendants have not provided Plaintiff Ramon with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

63.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Ramon regarding overtime and wages under the FLSA and NYLL.

64.     Defendants never have given any notice to Plaintiff Ramon, in English and in Spanish (Plaintiff Ramon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants have required Plaintiff Ramon to purchase "tools of the trade" with his own funds—including four pairs of boots and five pairs of gloves.

*Plaintiff Manuel Cruz Quezada*

66.     Plaintiff Cruz has been employed by Defendants from approximately February 2, 2012 until on or about June 2013 and from approximately September 2013 until the present date.

67.     Defendants have employed Plaintiff Cruz as a truck driver assistant.

68.     Plaintiff Cruz has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

69.     Plaintiff Cruz's work duties have required neither discretion nor independent judgment.

70.     Throughout his employment with Defendants, Plaintiff Cruz regularly has worked in excess of 40 hours per week.

71.     From approximately February 2, 2012 until on or about June 2013, Plaintiff Cruz worked from approximately 5:00 a.m. until on or about 7:00 p.m. to 8:00 p.m. five days a week (typically 70 to 75 hours per week).

72.     From approximately September 2013 until on or about May 2017, Plaintiff Cruz worked from approximately 5:00 a.m. until on or about 6:30 p.m. one day a week and from approximately 5:00 a.m. until on or about 7:00 p.m. four days a week (typically 69.5 hours per week).

73.     From approximately May 2017 until the present day, Plaintiff Cruz has worked approximately 56 hours per week (usually four days per week).

74.     Throughout his employment with defendants, Plaintiff Cruz has been paid his wages in a combination of check and cash.

75.     From approximately February 2, 2012 until on or about June 2013, Plaintiff Cruz was paid a fixed salary of $400 per week, specifically $200 by check and $200 in cash.

76.     From approximately September 2013 until on or about May 2017, Plaintiff Cruz was paid a fixed salary of $500 per week, specifically $200 by check and $300 in cash.

77.     From approximately May 2017 until the present date, Plaintiff Cruz has been paid a fixed salary of $100 per day, specifically $200 by check and the rest in cash.

78.     Plaintiff Cruz's pay has not varied even when he has been required to stay late or work a longer day than his usual schedule.

79.     In fact, defendants regularly have required Plaintiff Cruz to work 1 to 2 hours past his scheduled departure time and have not compensated him for the additional time worked.

80.     Defendants never have granted Plaintiff Cruz any breaks or meal period of any kind.

81.     No notifications, either in the form of posted notices or other means, have ever been given to Plaintiff Cruz regarding overtime and wages under the FLSA and NYLL.

82.     Plaintiff Cruz has not been required to keep track of his time, nor to his knowledge have defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

83.     Furthermore, Defendants never have provided Plaintiff Cruz with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

84.    Defendants never have given any notice to Plaintiff Cruz, in English and in Spanish (Plaintiff Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

85.    Defendants have required Plaintiff Cruz to purchase "tools of the trade" with his own funds—including six pairs of boots and five pairs of gloves.

### Plaintiff Jose Angel Rodriguez Mata

86.    Plaintiff Rodriguez was employed by Defendants from approximately March 4, 2015 until on or about June 20, 2017.

87.    Defendants employed Plaintiff Rodriguez as a truck driver assistant.

88.    Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

89.    Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

90.    Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

91.    From approximately March 4, 2015 until on or about June 20, 2017, Plaintiff Rodriguez worked from approximately 6:00 a.m. until on or about 7:00 p.m. or 7:30 p.m., five days a week (typically 65 to 67.5 hours per week).

92.    Throughout his employment with defendants, Plaintiff Rodriguez was paid his wages in a combination of check and cash.

93.    From approximately March 4, 2015 until on or about June 20, 2017, Plaintiff Rodriguez was paid a fixed salary of $400 per week, specifically $350 by check and $50 in cash.

94.     Plaintiff Rodriguez's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

95.     In fact, defendants regularly required Plaintiff Rodriguez to work up to 30 minutes past his scheduled departure time and did not compensate him for the additional time worked.

96.     Defendants only granted Plaintiff Rodriguez with a 15 minute break during each shift.

97.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

98.     Plaintiff Rodriguez was not required to keep track of his time, nor to his knowledge did defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

99.     Furthermore, Defendants never provided Plaintiff Rodriguez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

100.    Defendants never gave any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

101.    Defendants required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including eight pairs of boots.

*Plaintiff Mario Zapata*

102.    Plaintiff Zapata was employed by Defendants from approximately July 1, 2012 until on or about August 15, 2016.

103.    Defendants employed Plaintiff Zapata as a truck driver.

- 14 -

104.    Plaintiff Zapata regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

105.    Plaintiff Zapata's work duties required neither discretion nor independent judgment.

106.    Throughout his employment with Defendants, Plaintiff Zapata regularly worked in excess of 40 hours per week.

107.    From approximately July 1, 2012 until on or about August 15, 2016, Plaintiff Zapata worked from approximately 5:50 a.m. until on or about 7:00 p.m. to 8:00 p.m. four days a week and from approximately 4:30 a.m. until on or about 7:00 p.m. to 8:00 p.m. one day a week (typically 69.66 hours per week).

108.    From approximately July 1, 2012 until on or about December 2015, defendants paid Plaintiff Zapata his wages in a combination of check and cash.

109.    From approximately January 2016 until on or about August 2016, defendants paid Plaintiff Zapata his wages in cash.

110.    From approximately July 1, 2012 until on or about August 2013, defendants paid Plaintiff Zapata a fixed salary of $800 per week, specifically $600 by check and $200 in cash.

111.    From approximately August 2013 until on or about December 2015, defendants paid Plaintiff Zapata a fixed salary of $900 per week, specifically $600 by check and $300 in cash.

112.    From approximately January 2016 until on or about August 15, 2016, defendants paid Plaintiff Zapata a fixed salary of $900 per week, specifically $900 in cash.

113.    Plaintiff Zapata's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

- 15 -

114.   In fact, defendants regularly required Plaintiff Zapata to start working 10 minutes prior to his regular start time four days a week and one and a half hours prior to his regular start time one day a week, and did not compensate him for the additional time they required him to work.

115.   Similarly, defendants regularly required Plaintiff Zapata to work at least one hour past his scheduled departure time and did not compensate him for the additional time they required him to work.

116.   Defendants never granted Plaintiff Zapata meal breaks or rest periods of any length.

117.   No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Zapata regarding overtime and wages under the FLSA and NYLL.

118.   Plaintiff Zapata was not required to keep track of his time, nor to his knowledge did defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

119.   Furthermore, Defendants never provided Plaintiff Zapata with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

120.   Defendants never gave any notice to Plaintiff Zapata, in English and in Spanish (Plaintiff Zapata's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

121.   Defendants required Plaintiff Zapata to purchase "tools of the trade" with his own funds—including twelve pairs of boots, one face mask each week and one pair of gloves each week.

*Defendants' General Employment Practices*

122.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

123.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly have harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

124.    Defendants habitually have required Plaintiffs (and all similarly situated employees) to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

125.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

126.    Plaintiffs have been paid their wages in a combination of checks and cash.

127.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

128.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

129.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

130.    Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former truck drivers.

131.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

132.    Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

133.     Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

134.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

135.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

136.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime compensation at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

137.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

138.     The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

139.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

141.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

142.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

143.     In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs at the applicable minimum hourly rate.

144.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

145.     Plaintiffs have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

146.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.     Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

148.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

149.     Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

150.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, have controlled their terms and conditions of employment, and have determined the rates and methods of any compensation in exchange for their employment.

152.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

153.     Defendants' failure to pay Plaintiffs the minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

154.     Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW)

155.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

156.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime

- 21 -

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

157.    Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

158.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

159.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

160.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

161.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

162.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

163.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

164.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

165.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

166.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

167.    With each payment of wages, Defendants have failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

168.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

169.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

170.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

their jobs, such as boots and gloves, further reducing their wages in violation of the FLSA and

NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

171.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the

pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the

FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective

collective class members);

(c)    Declaring that Defendants have violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective

collective class members);

(d)    Declaring that defendants have violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective

collective class members') compensation, hours, wages, and any deductions or credits taken

against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA has been

willful as to Plaintiffs (including the prospective collective class members);

(f)      Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)      Declaring that defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order have been willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        August 15, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/Michael Faillace
        Michael Faillace [MF-8436]
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Michael A. Faillace [MF-8436]
        60 East 42nd Street, suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620